IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JARED CARLILE,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE<br>Commissioner of Social Security,<br><br>    Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:11-cv-823-CW-PMW<br><br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Jared Carlile's ("Plaintiff") appeal of Michael J. Astrue's ("Commissioner") final decision denying Plaintiff's claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id.* §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is unnecessary in this case.

## BACKGROUND

On June 5, 2008, Plaintiff applied for DIB and SSI, alleging a disability onset date of August 30, 2007, for his DIB claim and September 18, 2007, for his SSI claim.[2] Plaintiff alleges

---

[1] *See* docket no. 18.

[2] *See* docket no. 8, Administrative Record ("Tr. ____") 145-53.

disability due to a learning disability, other mental impairments, and back pain.  Plaintiff's applications were denied initially and upon reconsideration.[3]  On September 26, 2008, Plaintiff requested a hearing before an ALJ,[4] and that hearing was held on August 6, 2009.[5]  On October 29, 2009, the ALJ issued a written decision denying Plaintiff's claims.[6]  On August 5, 2011, the Appeals Council denied Plaintiff's request for review,[7] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On September 13, 2011, Plaintiff filed his complaint, and this case was assigned to Judge Waddoups.[8]  The Commissioner filed his answer on November 22, 2011,[9] and the court received the administrative record that same day.[10]  Plaintiff filed his opening brief on January 13, 2012.[11]  The Commissioner filed his answer brief on February 13, 2012.[12]  On February 28, 2012,

---

[3]  *See* Tr. 81-84.

[4]  *See* Tr. 99-100.

[5]  *See* Tr. 21-80.

[6]  *See* Tr. 6-19.

[7]  *See* Tr. 1-5.

[8]  *See* docket no. 3.

[9]  *See* docket no. 7.

[10]  *See* docket no. 8.

[11]  *See* docket no. 15.

[12]  *See* docket no. 16.

Plaintiff filed his reply brief.[13] On March 29, 2012, Judge Waddoups entered the order referring the case to this court pursuant to 28 U.S.C. § 636(b)(1)(B).[14]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v.*

---

[13] *See* docket no. 17.

[14] *See* docket no. 18.

*Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of his claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred: (1) in his evaluation of the opinions of one of Plaintiff's treating sources, Dr. Todd Haderlie ("Dr. Haderlie"); (2) by failing to properly evaluate whether Plaintiff's impairments meet or equal section 12.05C of Appendix 1 of the relevant regulations, *see* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05C; and (3) in evaluating Plaintiff's credibility.

### I. Treating Source Opinion

Plaintiff argues that the ALJ erred in his evaluation of the opinions of one of Plaintiff's treating physicians, Dr. Haderlie.

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight. To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques.

5

> If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.
>
> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §§ 404.1527, 416.927]. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight. If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c); Social Security Ruling ("SSR") 96-2p.

Plaintiff argues that the ALJ failed to provide sufficiently specific reasons for the weight he gave to the opinions of Dr. Haderlie. The court agrees. In the relevant portion of his decision addressing the weight given to medical opinions, the ALJ stated:

> As for opinion evidence, the treating doctor [(Dr. Haderlie)] believes [Plaintiff] is disabled as discussed above . . . .
>
> The agency experts think [Plaintiff] can do simple, unskilled work . . . because [Plaintiff] worked three years at Anderson Lumber[,] and his former boss at Ditech said he could do the work without special accommodation . . . .
>
> . . . .
>
> I give greater weight to the opinions of the agency experts because [Plaintiff] has done some work successfully for three years.[15]

The court concludes that the ALJ's discussion does not comply with the requirements set forth in the above-referenced authorities. It is obvious that the ALJ did not give Dr. Haderlie's opinions controlling weight; however, once he reached that conclusion, the ALJ was required to provide a discussion of the factors set forth in 20 C.F.R. §§ 404.1527 and 416.927. *See Langley*, 373 F.3d at 1119; *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c); SSR 96-2p. The ALJ was also required to provide a discussion that set forth sufficiently specific reasons for the weight he chose to assign to Dr. Haderlie's opinions. *See Langley*, 373 F.3d at 1119. The ALJ failed to provide a discussion that satisfies either of those requirements. Instead, it appears that the ALJ rejected Dr. Haderlie's opinions based solely on his conclusion that the opinions of the agency experts were entitled to greater weight. In so doing, the ALJ did not provide "good reasons . . . for the weight assigned to [Dr. Haderlie's] opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to [Dr. Haderlie's] medical opinion and the reason for that weight." *Id*.

---

[15] Tr. at 17.

For the foregoing reasons, the court concludes that the ALJ erred by failing to properly explain the weight he assigned to Dr. Haderlie's opinions. Accordingly, the court concludes that the Commissioner's decision in this case should be reversed and remanded for further proceedings.

## II.  Remaining Arguments

In light of the court's conclusion that the Commissioner's decision in this case should be reversed and remanded based on the ALJ's failure to properly explain the weight he assigned to the opinions of Dr. Haderlie, the court "will not reach the remaining issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Gilbert v. Astrue*, 231 Fed. App'x 778, 785 (10th Cir. 2007) ("In light of the remand of this case, we do not reach the remainder of [the plaintiff's] claims on appeal . . . ."). In the event that Judge Waddoups disagrees with this court's recommendation to reverse and remand, this court will then address Plaintiff's remaining arguments by way of a separate Report and Recommendation.

## CONCLUSION AND RECOMMENDATION

The court concludes that the ALJ erred by failing to properly indicate the weight he gave to the opinions of one of Plaintiff's treating sources, Dr. Haderlie. Accordingly, **IT IS HEREBY RECOMMENDED** that the Commissioner's decision in this case be **REVERSED AND REMANDED** for further proceedings.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 5th day of November, 2012.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge